# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
June 26, 2001 Session

## STATE OF TENNESSEE v. JAMES KEVIN UNDERWOOD

**Appeal from the Criminal Court for Washington County**
**No. 25879    Lynn W. Brown, Judge**

---

**No. E2000-01945-CCA-R3-CD**
**August 2, 2001**

---

The defendant, James Kevin Underwood, was convicted of evading arrest, a Class E felony; driving on a revoked license, fourth offense; and possession of drug paraphernalia, the sentences to be served concurrently. Germane to this appeal, the defendant was sentenced for the evading arrest as a Range I offender either to two years in "house arrest" under a community corrections alternative program of which six months are to be served in jail, "day for day," or to six months in jail, day for day, followed by two years in a community corrections alternative program. Either way, the defendant contends (1) that the sentence exceeded the one-year sentence in his plea agreement and (2) that, in any event, the trial court cannot order him to serve six months day for day. We affirm the judgments for the two misdemeanor offenses, but we remand the evading arrest case for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part and Remanded in Part**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Julie A. Rice, Knoxville, Tennessee (on appeal), and David F. Bautista, District Public Defender, and Jeffery Craig Kelly, Assistant District Public Defender (at trial), for the appellant, James Kevin Underwood.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Joe C. Crumley, District Attorney General; and Victor Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case presents the dilemma of the defendant failing to provide an adequate record on appeal for us to act with precision on his complaints, while the record, itself, reflects an improper judgment regarding the evading arrest. The judgments for driving on a revoked license and possession of drug paraphernalia are not contested on appeal even though they were included in the

defendant's notice of appeal. Thus, we affirm their effective sentence of eleven months, twenty-nine days, six months of which are to be in confinement and to be served concurrently with the evading arrest sentence.

The defendant states that he pled guilty to evading arrest pursuant to a plea agreement by which he was to receive a one-year sentence, but the manner of service was left to the trial court to impose at a sentencing hearing. He asserts that he decided to serve his one year in custody but that the trial court ignored his agreement and ordered him to serve six months in jail, day for day, followed by two years house arrest in the community corrections program. The defendant asserts that the trial court violated the terms of his agreement and that he should, at least, be permitted to withdraw his guilty plea. The defendant also complains that the requirement that he serve six months in confinement day for day is improper because he is entitled to sentencing credits by law.

In response, the state first notes that the record on appeal does not contain a transcript of the guilty plea hearing or any evidence as to the terms of a plea agreement. Regarding the merits, the state asserts that if the agreement is as the defendant claims, he, in fact, received a sentence within his agreement when the trial court "suspended the one-year sentence and imposed a sentence of split-confinement [sic] comprised of six months incarceration followed by two years of community corrections." As for the requirement that the six months confinement be served day for day, the state asserts that the trial court erred because a felony sentence of two years or less shall have the remainder of the sentence suspended upon a defendant reaching the release eligibility date. See Tenn. Code Ann. § 40-35-501(a)(3). It notes that the release eligibility date for a standard offender convicted of a Class E felony is thirty percent, and it concludes that thirty percent of one year is less than six months.

First, we too note that the record on appeal fails to include the transcript of the guilty plea hearing or any evidence of the particulars, if any, of a plea agreement, other than, perhaps, that a one-year sentence is involved. If the defendant and state agreed to one year with the defendant having the right to apply for probation, the defendant's claims in this appeal could hold merit. Given that a defendant receives credit for time served while serving a community corrections sentence, a two-year community corrections sentence would be the equivalent of a two-year sentence. However, we are not in a position to determine whether the trial court's use of a community corrections sentence in excess of one year was an option explained to the defendant. At the sentencing hearing, the court states, and defense counsel agrees, that "there was no agreement on the felony, [the defendant] was applying for probation." Although community corrections is not the same thing as probation, this statement is subject to several interpretations.

Even though the state raised the issue of the adequacy of the record on appeal, the defendant chose not to supplement the record. At oral argument, defense counsel stated her belief that the record adequately showed the defendant's agreement. In our view, it does not. Inadequate records are readily remedied by supplementation. Given the fact that an inadequate record almost guarantees failure of the claim to which the missing record relates, we are perplexed by parties who have notice of such deficiencies but fail to supplement the record on appeal. We are not obligated to render

rulings upon supposed facts not in the record before us. Therefore, we may not presume that any particular agreement was in effect.

On the other hand, we conclude that the trial court's sentencing reflected in the transcript and in the evading arrest judgment of conviction are contradictory in such a way that we cannot remedy the problem in this appeal. At the sentencing hearing, the trial court stated that the defendant was to serve six months in jail, day for day, and then be placed on two years house arrest in the community corrections program. However, the judgment reflects a different sentence; in fact, it reflects two separate sentences. First, it does not state that the six months in jail, day for day, is to be followed by two years in the community corrections program. Rather, it reads as if the six months may be part of the two years. This is probably because a community corrections sentence could not exceed two years, the maximum sentence for a Range I, Class E offender. See Tenn. Code Ann. §§ 40-35-112(a)(5), 40-36-106(e)(2). As important, though, the judgment reflects that the defendant received a sentence of one year. The judgment is contradictory. There cannot be both a sentence of one year and a community corrections sentence of two years. Under most circumstances, a community corrections sentence essentially replaces other sentencing alternatives provided by Tenn. Code Ann. § 40-35-104. Such is the case before us. Under these circumstances, we believe a remand for resentencing is in order.

As for the defendant serving six months "day for day," we agree with the state regarding the defendant's release eligibility. Pursuant to Tenn. Code Ann. § 40-35-501(a)(3), a person with a felony sentence of two years or less is entitled to suspension of the remainder of the sentence after reaching the release eligibility date. A Range I offender reaches the date after serving thirty percent of the sentence. See Tenn. Code Ann. § 40-35-501(c). This means that for a one-year sentence, the defendant's release eligibility date would be reached after serving 3.6 months, i.e., three months and eighteen days. See Tenn. Code Ann. § 40-35-502(a)(6) (converting fractions of months into days). Pursuant to Tenn. Code Ann. § 40-35-314(b)(1), the trial court could withhold work release and education programs until the release eligibility date, but not beyond. Thus, the trial court could not order "day for day" confinement that extends the term of confinement beyond release eligibility.

Likewise, as he asserts, the defendant would be entitled, at least, to good conduct credits to apply to his period of confinement. See Tenn. Code Ann. § 41-2-111(b) (allowing felons serving less than one year in the county jail or workhouse to receive good conduct credits). In fact, the Tennessee Attorney General has opined that good conduct credits apply to confinement for less than a year. See Op. Tenn. Att'y Gen. No. 00-0051 (Mar. 20, 2000) (judgment cannot require county jail inmate to serve less than one year "day-for-day" so as to deprive inmate of good conduct credits); Op. Tenn. Att'y Gen. No. 96-061 (Apr. 4, 1996) (county jail inmate serving split confinement of six months followed by probation may earn good conduct credits or authorized work program credits toward the six months, but not both); Op. Tenn. Att'y Gen. No. 91-96 (Dec. 4, 1991) (felony inmate sentenced to split confinement of six months in county jail followed by two years of supervised probation may earn good conduct credits or authorized work credits toward the six months, but not both). Thus, any trial court sentencing order that extends the term of confinement beyond that allowed by law relative to release eligibility and sentencing credits is improper.

In consideration of the foregoing, we affirm the judgments of conviction for driving on a revoked license, fourth offense, and possession of drug paraphernalia. We remand the evading arrest case to the trial court for resentencing.

_____
JOSEPH M. TIPTON, JUDGE